UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                :

DZAHSUR AKHMADALIEV,              :

                                :

             Petitioner,        :

        -v-                   :      26-CV-2345

                                :      **ORDER GRANTING**
RAUL MALDONADO, *in his official capacity as*  :    **PETITION FOR WRIT**
*Warden, Brooklyn Metropolitan Detention Center*; :  **OF HABEAS CORPUS**
JUDITH ALMODOVAR, *in her official capacity as* :
*Acting New York Field Office Director, U.S.*    :
*Immigration & Customs Enforcement*; TODD M.  :
LYONS, *in his official capacity as Acting Director*  :
*of Immigration & Customs Enforcement*; TODD  :
BLANCHE, *in his official capacity as Acting*    :
*Attorney General, U.S. Department of Justice*,  :

                                :

             Respondents.     :

                                :
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Petitioner Dzahsur Akhmadaliev is presently detained by Respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He avers that he was admitted into the United States under the "Uniting for Ukraine" program in December 2022 and has resided in the United States ever since. Petitioner was taken into Respondents' custody on July 15, 2025 and placed in removal proceedings.

On April 20, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, along with a Motion for Order to Show Cause, ECF No. 2. In his Petition, Petitioner alleges that ICE placed him in removal proceedings after filing a Notice to Appear that classified him as an "arriving alien" — he also contends that his request for custody redetermination was denied by the Immigration Judge

1

as a result of this classification. Petition ¶¶ 24–25. Petitioner avers that his asylum application was denied by the Immigration Judge on February 17, 2026, and that he has filed an appeal of this determination. *Id.* at ¶ 26. Petitioner alleges that his detention violates his constitutional and statutory rights.

On April 20, 2026, the Court issued an Order, ECF No. 4, directing Respondents to file, by 9:00 AM on April 22, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), or from any other prior decisions issued by the undersigned in this area of law. The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Court's analysis in *Hyppolite* or another decision of this Court, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's April 20, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause as to why it should not be granted on or before April 24, 2026 at 9:00 AM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those facts.

Respondents filed a submission on April 22, 2026.  ECF No. 6.  Respondents have averred that they are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A).  *Id.* at 2–3.  In its decision in *Hyppolite*, this Court previously considered and rejected Respondents' claims as to the application of 8 U.S.C. § 1225(b)(2)(A) to persons who Respondents agree are similarly situated to Petitioner.

Petitioner has alleged, and Respondents do not dispute, that he has resided in the United States since 2022.  Petitioner has further alleged, and Respondents also do not dispute, that Respondents did not provide him with notice and an individualized bond hearing prior to detaining him, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite,* the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner has lived in the United States for over two years and is therefore entitled to an individualized bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a).  *See Hyppolite v. Noem*, No. 25-CV-4303 (NRM), 2025 WL 2829511, at *12–16 (E.D.N.Y. Oct. 6, 2025); *see also, e.g., Artiga v. Genalo*, No. 25-CV-5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25-CV-05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682, 2025 WL 2802947,

at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner has established that the mandatory detention provisions of 8 U.S.C. § 1225(a)(1) and (b)(2) relied upon by Respondents to justify the legality of Petitioner's detention are inapplicable here, because Petitioner has been living continuously in the United States and is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *6–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the issue to date. *Cf.* Resp., ECF No. 6 at 3 n.2 (taking note of the Second Circuit's decision to expedite the government's appeal to a grant of habeas corpus in *Cunha v. Moniz*, No. 25-3141 (2d Cir.)).

The Court also finds that Petitioner has established that his detention without a bond hearing violates his right to procedural due process under the Fifth Amendment to the United States Constitution. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12,

4

2025).  Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**.  It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 7:00 PM on Wednesday, April 22, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 10:00 PM on that same date (Wednesday, April 22, 2026),** confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier Order scheduling a hearing for April 30, 2026 is hereby vacated in light of the Court's resolution of the merits of the Petition.  Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.


**SO ORDERED.**


Dated:  April 22, 2026                              */s/ Nina R. Morrison*
    Brooklyn, New York                     Nina R. Morrison
                            United States District Judge