UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DZAHSUR AKHMADALIEV,

Petitioner,

-v-

RAUL MALDONADO, *in his official capacity as Warden, Brooklyn Metropolitan Detention Center*; JUDITH ALMODOVAR, *in her official capacity as Acting New York Field Office Director, U.S. Immigration & Customs Enforcement*; TODD M. LYONS, *in his official capacity as Acting Director of Immigration & Customs Enforcement*; TODD BLANCHE, *in his official capacity as Acting Attorney General, U.S. Department of Justice*,

Respondents.

26-CV-2345
**MEMORANDUM AND ORDER**

**NINA R. MORRISON**, United States District Judge:

Petitioner Dzahsur Akhmadaliev filed a Petition for a Writ of Habeas Corpus on April 20, 2026, challenging his detention by Immigration and Customs Enforcement ("ICE") officials, *see generally* ECF No. 1, along with a Motion for an Order to Show Cause, ECF No. 2.

On April 22, 2026, the Court granted the Petition and dismissed the Motion for an Order to Show Cause as moot. *See generally* ECF No. 7. Petitioner's counsel filed a motion for attorney's fees on May 27, 2026, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Mot. for EAJA Fees ("EAJA Mot."), ECF No. 10. Respondents filed an opposition to the fee application on June 26, 2026, while acknowledging that it is analogous to the one granted by this Court in *Merlo Puerto v.*

*Leeper*, --- F. Supp. 3d ---, 2026 WL 1600665 (E.D.N.Y. June 4, 2026). *See* ECF No. 11 ("EAJA Opp'n"). For the reasons discussed below, Petitioner's motion for EAJA fees is GRANTED.

To bring a motion for attorney's fees under the EAJA, the moving party must (1) timely file their fee motion pursuant to 28 U.S.C. § 2412(d)(1)(B); (2) demonstrate that they are the prevailing party and eligible to receive an award; (3) set forth an itemized statement of actual time expended and the hourly rate at which fees were computed; and (4) allege that the position of the United States was not substantially justified and that no special circumstances exist that make an award unjust. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014). If a party "demonstrate[s] that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999) (per curiam). Additionally, the fees awarded under the EAJA must be "reasonable." 28 U.S.C. § 2412(d)(2)(A); *see also Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) ("The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Alnutt v. Cleary*, 27 F. Supp. 2d 395, 399 (W.D.N.Y. 1998))).

Only one factor is in dispute here: whether Respondents' position in this litigation was substantially justified. *See* EAJA Opp'n at 2. However — as the government acknowledges, *see id.* — this Court rejected this argument in a

substantially identical case that also concerned the applicability of 8 U.S.C. § 1225 to an ICE detainee. In *Merlo Puerto*, the Court had "no difficulty finding that Respondents [] failed to establish that their position was substantially justified, and thus, Petitioner's counsel [was] entitled to a fee award under the EAJA." 2026 WL 1600665, at *4. Because of the similar postures between *Merlo Puerto* and the instant case, the Court here adheres to and incorporates by reference its analysis of the EAJA's "substantially justified" requirement. *Id.* at *4–6. And, as it did in *Merlo Puerto*, the Court finds that Respondents' position was not substantially justified at the time the underlying Petition was litigated. Accordingly, Petitioner is entitled to a fees award under the EAJA.

The Court must also evaluate whether Petitioner's requested fees are reasonable. Counsel seeking fees under the EAJA "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Here, Petitioner's counsel seeks fees in the amount of $1,576.62 for 6.0 hours of work. EAJA Mot. at 4. Respondents have not challenged the reasonableness of the hourly rate or the hours worked by Petitioner's counsel. As Petitioner notes, the hourly rate here is equivalent to the statutory rate of $125 for cases commenced on or after March 29, 1996, adjusted for inflation based on the Consumer Price Index as of December 2025. *See* EAJA Mot. at 4–5; *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (endorsing the use of the Consumer Price Index for calculating cost-of-living inflation for the statutory rate under § 2412). Moreover, this Court has recently granted a fees motion in a similar case, in which

the petitioner's counsel requested a nearly identical hourly rate, but for 100 hours of work. *See Pliego v. Noem*, --- F. Supp. 3d ---, 2026 WL 1733485, at *2 (E.D.N.Y. June 16, 2026); *see also Singh v. Maldonado*, No. 26-CV-2212 (NRM), 2026 WL 1975170, at *1–2 (E.D.N.Y. July 8, 2026) (granting an EAJA motion for seven hours of work at the same rate). Here, by contrast, Petitioner's counsel spent only six hours preparing a time-sensitive habeas Petition, which succeeded in securing Petitioner's release roughly forty-eight hours following the Petition's filing. The Court therefore has no trouble finding that the full amount of the requested fees here is reasonable.

For the foregoing reasons, Petitioner's motion for EAJA fees is GRANTED, and the Court awards Petitioner $1,576.62 in fees under the EAJA, 28 U.S.C. § 2412.

Counsel for Respondents is respectfully directed to file a status report on the docket within twenty-one (21) days of this Order indicating whether the fees have been paid to Petitioner's counsel.

**SO ORDERED.**

Dated: August 12, 2026
Brooklyn, New York

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge